### GLASSCOCK v. DIMMITT.†

(Court of Civil Appeals of Texas. Austin. June 7, 1911. On Rehearing, Dec. 20, 1911.)

ADVERSE POSSESSION (§ 71*) — POSSESSION UNDER "DEED."

A deed by a widow as the legal representative of her husband, which recites that, in consideration of an advancement to an heir of the part due him, to be deducted from the interest due him as an heir, in the final settlement of the estate, the tract conveyed is inventoried at a specified sum per acre and accepted by the heir as grantee on that valuation, and which grants a tract described, and which contains a general warranty clause, and which provides that, on the failure of title, the heir need not account for the value of the land in the final partition of the estate, is a deed within Rev. St. 1895, art. 3342, giving title to one holding under a deed for five years.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 405–429; Dec. Dig. § 71.*

For other definitions, see Words and Phrases, vol. 2, pp. 1919–1924; vol. 8, p. 7630.]

Jenkins, J., dissenting.

Appeal from District Court, Williamson County; Geo. Calhoun, Judge.

Action by J. J. Dimmitt against A. H. Glasscock. From a judgment for plaintiff, defendant appeals. Affirmed.

Fisher & Allison, Makemson & Hudson, and N. A. Rector, for appellant. J. F. Taulbee, T. J. Lawhon, and Wilcox & Graves, for appellee.

RICE, J. Appellee, claiming title in fee to 643 acres of land out of the Francis A. Hudson and James A. Patterson surveys in said county by deeds of conveyance from and under the sovereignty of the soil, and as an advancement from his father's estate, as well as by virtue of the statutes of three,

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

five, and ten years limitation, brought this suit against appellant to remove cloud from title thereto cast thereon by appellant's alleged assertion of ownership thereof, based upon a decree of partition in his father's estate, wherein he was awarded an undivided interest of 500 acres out of said Hudson survey. Appellant answered by a general denial and a plea of not guilty and by cross-action, setting up ownership in himself of an undivided 357.2 acres in said survey by reason of the following facts, to wit: That he was one of the heirs of G. W. Glasscock, now deceased, who died in 1868; that said Glasscock, before his death, acquired by deed a 500 acre locative interest in said Hudson survey by contract with Francis A. Hudson, the owner thereof; that said interest was never divided or partitioned between said Glasscock and said Hudson or his heirs, but was held by them as tenants in common up to the death of the said Glasscock; that the said 500-acre interest was allotted to him, appellant, in the partition of his father's estate in 1870, and that subsequent thereto J. J. Dimmitt, Sr., the father of appellee, acquired the entire interest of the Hudson heirs in the balance of said land, whereby he and said Dimmitt continued till April, 1880, to hold said tract of land as tenants in common; that on said last-mentioned date he, appellant, conveyed to said Dimmitt, Sr., 142.8 acres out of his said 500-acre interest by metes and bounds, thereby leaving him 357.2 acres therein, which was never partitioned; that after the death of said J. J. Dimmitt, Sr., in 1884, appellee as heir at law succeeded to his father's rights therein, and further alleging that by virtue of a deed executed in May, 1839, by said Hudson to his father, the latter acquired said 500-acre interest in said Hudson survey in consideration of his services in surveying, locating, and procuring a patent to be issued to said Hudson for a one-third league survey by virtue of the latter's headright certificate; that, under said deed, his father had the right to demand from said Hudson a second deed setting aside to him in severalty his interest in said one-third league, which was never executed, but they continued to hold said land as tenants in common; that, by reason thereof, he succeeded to all the rights and obligations of his father under said deed, and prayed for specific performance thereof, and that appellee be required to make a deed to him to said 357.2 acres out of said Hudson survey, the field notes of which were fully set forth.

Appellant further answering, in reply to plaintiff's plea of limitation, claimed that he was not precluded from recovery thereby, because he alleged that plaintiff's father fraudulently represented to appellant that he had no interest in said survey, because his, appellant's, father during his lifetime had in selling off lands from the Addison and Dyches surveys, which adjoined the Hudson survey, included in such sales more land than he owned therein, and overlapped upon and sold off all the lands he owned upon the Hudson survey, and that appellant, being wholly ignorant of the facts thus stated, and having implicit confidence in the integrity and ability of plaintiff's father, who was both a lawyer and a surveyor, who after making several surveys thereof, stated to appellant that he only had 142.8 acres of land left in said survey, and, believing these representations to be true, he was induced thereby to convey unto said J. J. Dimmitt, Sr., said 142.8 acres of land, believing that was all he was entitled to in said Hudson survey; that, by reason of such false surveys and fraudulent representations, defendant permitted the said Dimmitt, Sr., to take possession and control of, not only said 142.8 acres so conveyed to him, but the balance of his father's interest in said land, to wit, 357.2 acres. But, if it should be held that said Dimmitt was honestly mistaken in his said representations, then the same was a mutual mistake, and in either event appellee should not be allowed to set up limitation in bar of his, appellant's, right of recovery. Appellee, replying by supplemental petition to appellant's cross-action for specific performance, set up laches and stale demand.

There was a jury trial, resulting in a verdict and judgment in behalf of appellee, from which this appeal is taken.

While a number of interesting questions are raised in the brief, some of which are not free from difficulty, still, since appellee, under the undisputed evidence in this case, was shown for more than five years prior to the filing of appellant's cross-action to have been in peaceable and adverse possession of the land in controversy, cultivating, using, and enjoying the same, and paying taxes thereon and claiming title thereto under a deed duly registered, these questions become, in our opinion, unimportant, and therefore unnecessary to be determined, because plaintiff was entitled to recover under the statute of five years' limitation which had been pleaded by him, and the court therefore did not err in submitting plaintiff's right to recover under said five years' statute, but would have been justified in our judgment under the facts in instructing a verdict in his favor. Article 3342, McIlwaine's Ann. Stat. For which reason, the judgment of the court below is in all things affirmed.

Affirmed.

### On Rehearing.

PER CURIAM. Petition for rehearing overruled.

JENKINS, J. (dissenting). When this cause was originally under consideration by this court, the writer had doubts as to whether the instrument upon which appellee predicated his plea of the statute of five-year limitation was a deed within the meaning of article 3342, R. S. Upon further con-

sideration, I have concluded that the alleged conveyance from Mrs. M. L. Dimmitt to appellee, J. J. Dimmitt, is not a deed within the meaning of said article. Said article gives title to those holding "under a deed" for five years as therein stated. It requires ten years possession to acquire title where one is holding under "some written memorandum of title, other than a deed which fixes the boundaries of the possession claimed, and is duly registered." R. S. art. 3344. I think that the short period of five years was fixed in said article for the reason that the record of the instrument therein called a deed, together with possession and payment of taxes, would give notice of claim of title adverse to all the world, and from a source different from that asserted by an adverse claimant.

The written admission of the parties to this suit shows that J. J. Dimmitt, Sr., under whom appellee claims, and G. W. Glasscock, Sr., under whom appellant claims, were at one time cotenants in the land described in appellee's petition, Glasscock owning a 500-acre undivided interest therein, and such cotenancy as to them and their heirs would continue until Glasscock or his heirs sold their interest in the same, or until Dimmitt or his heirs repudiated such joint tenancy. We need not here consider the allegation as to Glasscock, Sr., having sold any portion of the said Hudson survey, nor the alleged repudiation of the cotenancy by Dimmitt, Sr. Such evidence is vague and unsatisfactory, and the judgment of affirmance of this court is not based at all upon such evidence, but solely on the five years possession of appellee under the conveyance from Mrs. M. L. Dimmitt. If Dimmitt, Sr., and his heirs could not have held said land as against Glasscock, Sr., or his heirs but for said alleged deed to appellee, why should appellee be permitted to hold under said instrument? What higher title did he assert by reason of receiving and recording said instrument than was asserted by the heirs or legal representatives of Dimmitt, Sr., prior to the execution of said instrument? Dimmitt, Sr., as the cotenant of Glasscock, Sr., and of his heirs, after the death of said Glasscock, held possession of said land for himself and his said cotenants; so also did Mrs. Dimmitt as the legal representative of her husband's estate, and as the trustee of Dimmitt, Sr.'s, heirs. As one of the heirs of Dimmitt, Sr., who was the owner of a one-half interest in said land, appellee was entitled to the possession of said land, and as against every one, except appellant and the legal representative of said estate and his coheirs, he was entitled to the exclusive possession of the same. But the mere fact of such exclusive possession, even though accompanied with the payment of taxes, would not raise the presumption that he was holding adversely to his cotenants. Why should such possession by appellee under the instrument exe-

cuted by his mother raise such a conclusive presumption of a repudiation of appellant's title as to bar such title after a period of five years, when, without such instrument, however open and notorious may have been his repudiation of the title of his cotenant, and even though appellant had been expressly notified by appellee in writing that he had repudiated such cotenancy and was claiming the land for himself, it would have required 10 years of actual possession to bar appellant's title?

As the writer sees it, not only did appellee not have a title to said land of a higher degree than he would have had under the facts of this case without such alleged deed, but he did not have essentially any different title. The heirs of Dimmitt, Sr., might have made a verbal partition of said estate and each party have taken possession of the land received in such partition. Such being the facts, each of said heirs would have acquired title to the land so received by him as against each of the other heirs. Would the case have been essentially different, except as a means of preserving the evidence of such partition, had they, in the supposed case, executed deeds of partition to each other? A. and B. each own an undivided interest in a tract of land. A. is in the actual possession of the land, holding the same for himself and B. A. dies, leaving C. and D. as his only heirs. They agree upon a verbal partition of the land, C. taking the north half and D. the south half. Each takes possession of his half, and they thereupon notify B. that they repudiate his claim to any interest in the land. Under such a state of facts, it would take 10 years to bar B.'s title. Would the case be essentially different if each should execute and deliver to the other a written instrument that he would not in the future claim the half held by the other in consideration of having received a like written agreement from the other as to the half held by him? This is all that a deed of partition between them would in fact be, though executed with all the formalities of a warranty deed.

The so-called deed from Mrs. Dimmitt to appellee was nothing more than the written evidence of a partial partition of the estate of Dimmitt, Sr. It had no other purpose, and did not purport to be anything else. The consideration for same appears upon its face, as follows: "In consideration of $15,-432 as advancement to our son John J. Dimmitt of a portion due him as one of the heirs of said John J. Dimmitt, deceased, and to be accounted for and deduced from the interest due him as one of said heirs in the final settlement of said estate between the heirs of J. J. Dimmitt, deceased, and myself, the tract herein conveyed is inventoried at $24 per acre, and accepted by him on that basis of valuation, have granted," etc. The field notes in said instrument describe 643 acres of land. Said instrument is signed "Mrs. M.

L. Dimmitt, surviving wife of J. J. Dimmitt, deceased." Mrs. Dimmitt held the interest of said heirs in trust for them, and by said instrument assigned to appellee the specific portion of said estate therein described, but such instrument was not, and did not purport to be, a conveyance of land in any other sense. It is true there was a general warranty clause to said deed, but under the facts apparent upon the face of the deed it did not bind the grantor to repay the purchase money in case of failure of title, for the reason the grantor did not receive any purchase money. By the terms of said deed appellee, in case of a failure of title, was not required to account for the value of said land in the final partition of said estate. Appellant claimed that he received from his father an undivided interest in 500 acres of the land described in said deed, and admitted that he had conveyed to Dimmitt, Sr., 142.8 acres of his half, which would leave him 357.2 acres. This at $24 per acre would amount to $8,572.80. So that, if·appellant should recover all that he claims in this suit, the effect would be that the amount charged against appellee should be reduced in the final settlement of the Dimmitt estate by $8,572.80. It is a maxim that equity will look through the form to the substance, and we think that the court in this instance should look beneath the mere verbal garment with which the transaction has been clothed to the vital form beneath, and refuse to recognize the instrument as a deed within the meaning of article 3342, R. S., because it does not possess the vital principles requisite to such a deed.

2. Appellant's answer contained, among other things, the allegations that the estate of J. J. Dimmitt, deceased, was still unsettled; that it was free from debt, and of the value of more than $200,000; that it was able to remunerate appellee for any loss that he might sustain by reason of his loss in this suit; and that the alleged deed under which he claimed provided for such remuneration. In view of appellee's plea of laches and stale demand, we think said allegations were proper as a basis for proof that appellee was in no worse condition by reason of appellant's delay than he would have been had appellant brought this suit for the recovery of said land the day after the alleged conveyance to him was executed.

3. The court charged the jury, among other things, as follows: "Under the agreement in writing of the parties to this suit as to certain facts, and under the admission of the defendant in writing in this case, the only issues necessary to be submitted to the jury are the issues that arise under the defendant's cross-action herein." This was an action on the part of the appellee to recover 643 acres of land out of the F. A. Hudson one-third of a league in Williamson county.

Appellant admitted that J. J. Dimmitt, Sr., acquired title to all of said survey, except an undivided interest of 500 acres thereof owned by G. W. Glasscock, Sr., and that he acquired 142.8 acres of said undivided interest by deed from appellant, but there was no admission that either Dimmitt, Sr., or the appellee ever acquired title to any more of said Hudson survey. Thus it will be seen that as to an undivided 357.2 acres interest there was no admission that title was in appellee. This was an action of trespass to try title, and appellant pleaded not guilty. Appellee did not connect his title with the sovereignty of the soil. If the conveyance from Mrs. Dimmitt to appellee was sufficient to sustain the five-year statute of limitation, under the undisputed evidence, the court should have peremptorily instructed the jury to return a verdict for appellee; and, of course, in such event, the errors above pointed out and assigned by appellant would be harmless. But, believing as I do that such instrument is not a deed within the meaning of the statute, I think the court committed material error, both in sustaining the exception hereinabove referred to and in instructing the jury as above set out.

For the reasons herein set forth, I feel constrained to dissent from the action of my Brethern in overruling the motion for a new hearing herein, and to hold that said motion should be granted.